



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed March 18, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ALVIN CURTIS GRAHAM | § | CASE NO. 10-70350-hdh-13 |
| DEBTOR | § | |
| | § | CHAPTER 13 |
| VERICREST FINANCIAL INC. | § | |
| ("VERICREST") AS SERVICING | § | |
| AGENT FOR THE BANK OF NEW | § | HEARING DATE: |
| YORK MELLON, AS TRUSTEE FOR | § | **MARCH 16, 2011** |
| CITI MORTGAGE LOAN TRUST | § | |
| 2007-1 | § | |
|    MOVANT | § | HEARING TIME: |
| | § | **10:00 A.M.** |
| vs. | § | |
| | § | |
| ALVIN CURTIS GRAHAM, Debtor | § | JUDGE HARLIN D. HALE |
| WALTER O'CHESKEY, Trustee | § | |
|    Respondents | § | |
| | § | |

AGREED ORDER CONDITIONING AUTOMATIC STAY
(DOCKET ENTRY #28)

CAME ON before the Court for consideration the Motion for Relief from Stay

Against Property as to 4507 Lake Park Drive, Wichita Falls, TX 76302 ("Motion") filed

by THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR CIT MORTGAGE LOAN TRUST 2007-1, by Vericrest Financial, Inc. as attorney-in-fact, its successors in interest and assigns (hereinafter "Movant"), The Court finding, based on the representations of counsel for Movant, that the Chapter 13 Trustee has expressed no opposition to the Motion and further finding, as evidenced by the signatures on this Order by counsel for Movant and counsel for ALVIN C. GRAHAM ("Debtor") that Vericrest and Debtor have reached an agreement to condition the automatic stay of 11 U.S.C. §362 as to certain real property ("Property") which secures a debt owed to Movant by Debtor, it is accordingly ORDERED ADJUDGED and DECREED that:

1. <u>Automatic Stay</u>.  The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect, except as provided below.

2. <u>Current Monthly Payments</u>.  Pursuant to the terms of the Note ("Note") held by Movant and secured by a DEED OF TRUST encumbering the Property, Debtors shall disburse directly to Movant, promptly when due, each monthly installment that falls due under the terms of the Note, beginning April 1, 2011, and continuing said payments thereafter pursuant to that certain Note and Deed dated December 21, 2006. These installments are currently $1,499.80 per month.  Payments shall be paid to Movant at:

    VERICREST FINANCIAL, INC.
    PO BOX 24330
    OKLAHOMA CITY, OK 73124

3. <u>Post-Petition Arrearage Cure</u>. The total arrearage ("Total Arrearage") of $8,923.80 shall be cured by Debtors' Modifying the Chapter 13 Plan within thirty (30) days of the date of this Order to include an additional $8,923.80 to be paid through the

Chapter 13 Plan. The post-petition arrearage specified herein shall constitute an additional arrearage claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court.

4. <u>Modify Plan</u>. Debtors shall have 30 days from the date of this Order to modify the Chapter 13 Plan to include all post-petition arrearages in the total amount of $8,923.80 to be paid by the Chapter 13 Trustee through the Debtors Chapter 13 Plan. Said total amount consists of post-petition payments for the months of October 1, 2010 through March 1, 2011 and additional fees and costs detailed as follows:

| | |
|---|---|
| Monthly Payments OCT –MARCH $1,499.80 X 6 | $8,998.80 |
| Late Charges | $0.00 |
| Attorney's Fees | $525.00 |
| Filing Fee | $150.00 |
| Amount Due | $9,673.80 |
| • Payment Received | <$0.00> |
| • Payment to be Received | <$0.00> |
| • Debtor Suspense | <$750.00> |
| TOTAL BALANCE DUE | $8,923.80 |

5. <u>Payments to Trustee</u>. Debtors shall remit to Trustee the monthly payment provided for under Debtors' plan. Debtors shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date of this Order.

6. <u>Proof of Payments</u>. Within 30 days from the date of this Order, Debtors may provide Movant with evidence of post-petition payments (via canceled checks, tracers on money orders, etc.) not previously credited or applied, and Movant shall credit such payments toward the Total Arrearage set forth in this Order and reduce any remaining monthly cure payments pro rata, if applicable.

7. <u>Conversion</u>. In the event the extant bankruptcy case is converted to a case under another chapter of the Bankruptcy Code, the Stay is terminated as to the Property without further action by this Court.

8. <u>Discharge</u>. It is further ORDERED that in the event that an Order of Discharge is entered in the extant bankruptcy case the terms of this Order will no longer be binding as of the date the Order of Discharge is entered.

9. <u>Default</u>. Should Movant not receive any regular payments by the dates set forth in the <u>Current Monthly Payments</u> paragraph or if the Debtors fail to timely modify the Chapter 13 Plan as set forth in the <u>Modify Plan</u> paragraph or if Debtors do not remit the payments set forth in the <u>Payments to Trustee</u> paragraph, Movant shall send written notice ("Default Notice") of the default via regular mail to the addresses reflected for Debtors and Debtors' counsel on the court's docket at the time of the Notice, allowing Debtors a **10-day period** from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only and Movant may charge Debtors $50 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payments within such 10-day period or in the event Debtors become delinquent after **two (2) notices of default**, the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> BEING LOT SEVEN (7) AND THE WEST SIXTY-ONE AND ONE-HALF FEET (W 61.5) OF LOT EIGHT (8) IN BLOCK THIRTEEN (13) OF PARK PLACE SUBDIVISION OUT OF THE J.A.SCOTT SURVEYS NOS. EIGHT (8) AND NINE (9), AN ADDITION TO THE CITY OF WICHITA FALLS, WICHITA COUNTY, TEXAS,

ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 272, PAGE 351, WICHITA RECORDS, DEED COUNTY, TEXAS.

The Property is also known as 4507 Lake Park Drive, Wichita Falls, TX 76302.

In the event the Stay is terminated under the provisions of this Order, Movant, at its option, is free to any rights it may have to enforce its security interest in the Property pursuant to applicable non-bankruptcy law.  By agreement, the fourteen day provision of Rule 4001(a)(3) is waived so that Movant, its successors and assigns, may immediately enforce and implement this Order upon termination of the Stay.

# # # END OF ORDER # # #

| BAXTER & REYES | MONTE J. WHITE |
|---|---|
| /s/ Christopher K. Baxter | /s/ Monte J. White |
| Christopher K. Baxter | MONTE J. WHITE |
| State Bar Number 90001747 | State Bar Number 00785232 |
| 5950 Berkshire Lane, Suite 410 | MONTE J. WHITE & ASSOCIATES, P.C. |
| Dallas, Texas 75225 | 1106 BROOK AVENUE |
| Telephone 214-526-7900 | HAMILTON PLACE |
| Facsimile 214-526-7910 | WICHITA FALLS, TX 76301 |
| Email Chris.Baxter@BaxterReyes.com | Email: legal@montejwhite.com |
| Attorneys for Vericrest | Attorney for Debtor |
| B&R Number 493.010114 | |